UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JOHN M. JOHNSON,

    Petitioner,

vs.

MICHAEL MARTEL, Warden,

    Respondent.

No. C 12-0964 PJH (PR)

**ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas corpus action filed pro se by a California prisoner currently incarcerated at San Quentin State Prison. The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined. *See* 28 U.S.C. § 2241(d).

**BACKGROUND**

In 1983 petitioner was convicted of murder. He was sentenced to prison for fifteen years to life on the murder conviction. On June 22, 2010, the Board of Parole Hearings granted parole to petitioner. However, on November 19, 2010, the governor reversed the grant of parole, which petitioner now challenges. He claims to have exhausted these claims by way of state habeas petitions.

**DISCUSSION**

**A.   Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An

application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

## B.   Legal Claims

As his sole ground for federal habeas relief, petitioner generally asserts that the governor relied on improper factors such as the immutable and unchanging facts of the crime, the fact that petitioner did not have a job offer and that the governor failed to follow state regulations.

The United States Supreme Court has recently held that "[i]n the context of parole . . . the procedures required [by the due process clause] are minimal . . . an opportunity to be heard and . . . a statement of the reasons why parole was denied . . . '[t]he Constitution . . . does not require more." *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011). As long as the petitioner received at least that much process, the federal court's habeas review is at an end. *Id.* at 862. That is, there is no constitutional right to "individual consideration."

Petitioner is essentially challenging the evidence relied on by the governor in reversing the parole grant, not the procedural protections he received. Pursuant to *Swarthout* this claim is foreclosed on federal habeas review. Moreover, the Ninth Circuit held that the governor is not required to hold a second parole suitability hearing before reversing the Board's determination that the prisoner was suitable for parole. *Styre v. Adams*, 645 F.3d 1106 (9th Cir. 2011). Therefore, this petition is dismissed.

///

///

2

**CONCLUSION**

Leave to proceed in forma pauperis (docket # 2) is **GRANTED**.

For the reasons discussed above, petitioner cannot obtain relief on any of his claims. The petition therefore is **DISMISSED**. Furthermore, because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA). The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  November 13, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.12\Johnson0964.dismiss.wpd

3